

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin 9, Texas

ATTENTION: Mr. Glen H. McLaughlin, Chief
Bureau of Identification and Records

Dear Sir:

Opinion No. 0-6485
Re: Clarification of status
of Sec. 8, Art. 725b,
V. A. P. C., relating to
exempt narcotic preparations.

Your recent opinion request reads as follows:

"We are enclosing a copy of a letter received by us, and which, as you will note, requests information as to whether or not a pharmaceutical preparation would be considered as an exempt preparation, under the Texas narcotic law.

"When we attempted to go into this matter, we became somewhat confused on the reading of the laws, as passed by the Forty-Seventh and Forty-Eighth Legislature in connection with the section dealing with exempt preparations. As we understand it, Senate Bill 70 of the Forty-Seventh Legislature, in Section 1-a, revised Section 8 of House Bill 440 of the Forty-Fifth Legislature. However, we noted further that Senate Bill 67 of the Forty-Eighth Legislature repealed Section 1-a of Senate Bill 70 of the Forth-Seventh Legislature.

"We will appreciate it very much if you will furnish us with an opinion as to the present status of the narcotic law as applied to exempt preparations, and whether or not the enclosed described preparation is or is not considered an exempt preparation."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Homer Carrison, Jr., page 2


The matter about which you inquire is governed by the Acts 1941, 47th Leg., p. 647, ch. 392, Sec. 1, (Sec. 8, Art. 725b, V. A. P. C.) which reads as follows:

"Except as otherwise in this Act specifically provided, this Act shall not apply to the following cases:

"Administering, dispensing, or selling at retail of any medicinal preparation that contains in one (1) fluid ounce, or if a solid or semi-solid preparation, in one (1) avoirdupois ounce, not more than one (1) grain of codeine or of any of its salts.

"The exemption authorized by this Section shall be subject to the following conditions: (1) That the medicinal preparation administered, dispensed, or sold, shall contain in addition to the narcotic drug in it, some drug or drugs conferring upon it medicinal qualities other than those possessed by the narcotic drug alone; and (2) that such preparation shall be administered, dispensed, and sold in good faith as a medicine, and not for the purpose of evading the provisions of this Act.

"Nothing in this section shall be construed to limit the kind and quantity of any narcotic drug that may be prescribed, administered, dispensed, or sold, to any person or for the use of any person or animal, when it is prescribed, administered, dispensed, or sold, in compliance with the general provisions of this Act."

Your confusion in this matter is understandable. The provision quoted above was enacted as Section 1, ch. 392, p. 648, Acts, 1941, 47th legislature. Section 1-a of the same act repealed Section 1, but Section 1 became effective 90 days from July 3, 1941, while Section 1-a, the repealing provision was not to be effective until September 1, 1943. Before the repealing section, Section 1-a, became effective the Legislature in turn repealed it, thus leaving in effect the original provision quoted above. Section 1-a was repealed by Section 2, ch. 225, p. 346, Acts 1943, 48th Legislature, which became effective 90 days after May 11, 1943.

Honorable Homer Garrison, Jr., page 3

We hope that we have assisted you in clearing up the question about the applicable statute, but we are of the opinion that the remaining portion of your inquiry relates to a question of chemical fact which we cannot undertake to answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Eugene Alvis*

Eugene Alvis
Assistant

EA:zd


APPROVED
OPINION
COMMITTEE